### TOWN COUNCIL OF BEAUFORT v. OHLANDT.

1. The charter of the town of Beaufort provides that "the intendant of said town is hereby vested with all the power and jurisdiction given to trial justices of this State, and may hold court for the trial of violations of town ordinances, and may punish by fine or imprisonment in his discretion, or both." *Held,* that a person charged before the intendant with a violation of an ordinance of the town, was entitled to a trial by jury, as in a trial justice's court, and the same right of appeal to the Court of General Sessions.
2. *State ex rel. Burton* v. *Williams,* 11 *S. C.,* 288, affirmed.

Before Pressley, J., Beaufort, September, 1885.

The defendant, John Ohlandt, being on trial before the intendant of the town of Beaufort, for a violation of an ordinance of said town regulating the sale of liquors, demanded a trial by jury, which was refused. Upon his conviction and sentence, he appealed to the Court of General Sessions, upon the ground that the intendant erred in refusing him a trial by jury. The Circuit Judge reversed the judgment and remanded the case for a trial by jury, if the same should be demanded. The order of the judge is stated in the opinion.

*Messrs. Elliott & Howe,* for appellant.

*Mr. W. J. Whipper,* contra.

February 13, 1886. The opinion of the court was delivered by

Mr. Justice McIver. Respondent was tried and convicted in the intendant's court for violating certain ordinances of the town of Beaufort and sentenced to pay a fine of twenty-five dollars. He appealed to the Court of Sessions on two grounds: 1st. Because the intendant erred in refusing his demand for a trial by jury. 2nd. Because the judgment of the intendant was

contrary to law and evidence. The Circuit Judge held, on the authority of *State ex rel. Burton* v. *Williams* (11 *S. C.*, 288), that respondent was entitled to a trial by jury, and remanded the case to the intendant's court for a trial by jury if demanded. From this judgment the town council appeals upon two grounds : 1st. Because the Court of Sessions has no jurisdiction to hear an appeal from a sentence imposed by the intendant of the town of Beaufort. 2nd. Because respondent was not entitled to a trial by jury in the court of the intendant of the town of Beaufort.

We regard both of the questions raised by this appeal as concluded by the decision of this court in the case relied on by the Circuit Judge ; but as we have been called upon to review that decision, we will add a few words in vindication of the doctrines there laid down.

A brief review of the legislation of this State in reference to the charter of the town of Beaufort may not be out of place as an introduction to the consideration of the questions involved. By the original charter of the town of Beaufort, granted in 1803 (8 *Stat.*, 218), the government of the town was vested in an intendant and six wardens, with power to make all such by-laws, rules, and regulations as may to them seem necessary for the security, welfare, peace, and good order of the town, to impose fines for offences against such by-laws, not exceeding eighty dollars for any one offence, which fines, when they exceed thirty dollars, shall be recovered in the "District Court of Beaufort," and when they are less than the sum of thirty dollars, "before the intendant and wardens, or any four of them." That act also provided that "the said wardens, or any four of them, shall meet * * * to hear and determine all small and mean causes, agreeably to the directions of the act of the general assembly, and all other matters of complaint arising within the said town."

The act of 1816 (8 *Stat.*, 275) continued in force the foregoing act for the term of fourteen years, and provided for the establishment of a court of record "for the hearing and determining all cases of a civil nature arising within the limits of the said town of Beaufort, * * * possessing concurrent jurisdiction with the Court of Common Pleas," to the amount of fifty dollars,

exclusive of costs, and with jurisdiction for the trial of all offences against the by-laws of said town, which court was to be held by a recorder, appointed by the town council, and "all issues in the said court shall be tried by a jury according to the regulations and forms prescribed by law in cases of trial by jury." And the right of appeal in all cases to the Circuit Court was provided for.

No other material changes in the charter of said town appear to have been made until the act of 1872 (15 *Stat.*, 136) was passed, which, amongst other things, provided that the intendant and wardens, constituting the town council of the town of Beaufort, "shall have power and authority, under their corporate seal, to ordain and establish all such rules and by-laws and ordinances * * * for preserving peace, health, order, and good government" within the limits of said town as they may deem expedient and proper ; "and the said council may affix fines for offences against such by-laws and ordinances, * * * but no fine shall exceed thirty dollars, and when fines shall exceed twenty dollars, the same to be collected as fines and penalties in trial justices' courts." By the act of 1874 (15 *Stat.*, 647) the charter of the town of Beaufort was further amended by declaring : "That the intendant, or acting intendant, of said town is hereby vested with all the power and jurisdiction given to trial justices of this State, and may hold court for the trial of violations of town ordinances, and may punish by fine or imprisonment in his discretion, or both."

Under this last act appellant claims that the intendant is invested with two separate and distinct powers. 1st. Those of a trial justice. 2d. With the power to hold court for the trial of violations of town ordinances, and to punish offenders for such violations "by fine or imprisonment, in his discretion, or both." The act contains no limitation as to the amount of the fine or the length of the imprisonment which may be imposed, except the discretion of the intendant ; and hence, if the view contended for by the appellant should prevail, the very extraordinary result would follow that a single individual had been invested with power to impose fines unlimited in amount and imprisonment for an unlimited period. It is true that the ordinance under which

respondent was tried does provide "a penalty of not less than ten nor more than one hundred dollars, or imprisonment for not less than ten nor more than thirty days, or both, in the discretion of the intendant, for a violation of any section of said ordinance," but the act of 1874, under which jurisdiction is claimed, does not limit the power of the intendant, in the fine or imprisonment imposed, to the provisions of the ordinance.

Indeed, our attention has not been called to any act, or to any provision in the charter of the town of Beaufort, which authorizes the town council to impose imprisonment for any term whatever as a penalty for the violation of any of its ordinances.   On the contrary, the last preceding act (1872) above cited, expressly provides that "no fine shall exceed thirty dollars ;" and furthermore declares, probably in view of the decision in *Zylstra* v. *Charleston* (1 *Bay*, 382), that "when fines shall exceed twenty dollars, the same to be collected as fines and penalties in trial justices' courts," where parties could, if they so desired, obtain the benefits of a trial by jury.   Now, as it is quite clear that a municipal corporation has no powers except such as are conferred by its charter, and as it does not appear that any power to imprison for a violation of any of its ordinances has been conferred upon the town council, or even to impose a fine beyond a prescribed limit, it would seem to follow that the powers conferred upon the intendant of the town of Beaufort by the act of 1874 could only be exercised as a trial justice, with his jurisdiction so enlarged as to enable him to try all offenders against the ordinances of the town, and to impose either fines or imprisonments, or both, within the limits prescribed to trial justices.

This is the necessary construction of the act in order to make it harmonize with well settled principles and preserve the right of trial by jury and the right of appeal, so carefully guarded by the provisions of the constitution.   Section 19 of article I. of the Constitution provides that "all offences less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily before a justice of the peace, or other officer authorized by law, on information under oath, without indictment or intervention of a grand jury, saving to the defendant the right of appeal."

Besides this general provision securing the right of appeal from
all inferior courts, it seems that in every instance where such a
court is specially provided for, the framers of the constitution
again provided in express terms for the right of appeal. See
art. IV., §§ 19 and 24, in reference to county commissioners and
justices of the peace. So in section 11 of article I. of the Consti-
tution, it is expressly declared that: "The right of trial by jury
shall *remain* inviolate." Exactly what is the scope and effect of
this declaration it is not necessary now to determine, as this and
the other constitutional provisions above referred to are only men-
tioned for the purpose of showing that the framers of the consti-
tution seem to have carefully guarded the right of trial by jury
and the right of appeal, and therefore, before a court can allow
either of these rights to be infringed or denied, it must be satis-
fied that the legislature has, by some constitutional act, clearly
denied or limited these rights.

Now, if the act of 1874 should be regarded as conferring upon
the intendant of the town of Beaufort all the powers of a trial
justice, and, in addition thereto, constituting the intendant an
independent municipal court for the trial of all offenders against
the ordinances of said town, then the act fails to define or limit
the jurisdiction of such municipal court as it is necessary to do;
for it is quite clear that a municipal court can only enforce such
ordinances as are passed in accordance with law, and, as we have
seen, there does not appear to be any act conferring the authority
on the town council of Beaufort to impose as a penalty for the vio-
lation of any one of its ordinances anything more than a fine of
thirty dollars, and yet the act under consideration purports to give,
to what is claimed to be a municipal court, the power to impose fine
or imprisonment at its discretion, or both. But if the act of 1874
be construed, as we think it should be, to confer upon the inten-
dant all the powers and jurisdiction of a trial justice, with the
additional power of trying all violations of the ordinances of the
town of Beaufort, then no such difficulty can arise; for if, as
trial justice, he tries offenders against the ordinances of the town,
he may, as such, impose fine or imprisonment to the extent of
the jurisdiction of a trial justice. It seems to us, therefore, that
there was no error on the part of the Circuit Judge in entertain-

ing the appeal from the judgment of the intendant's court, and no error in holding that the respondent would be entitled to a trial by jury if demanded.

·The judgment of this court is that the judgment of the Circuit Court be affirmed.